## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESUS CARRILLO, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 07-2841 |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

FILED

DEC - 2007

MICHAEL E. _____ Clerk
By_____ Clerk

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                    **DECEMBER 10, 2007**

Plaintiff Jesus Carrillo ("Carrillo") brings this action pursuant to 42 U.S.C. § 405(g) to review the decision of the Commissioner of Social Security ("Commissioner") denying his claim for Supplemental Security Income ("SSI"). Carrillo has filed a Motion for Summary Judgment ("Pl.'s Mot.") to which the Commissioner has responded, and Magistrate Judge Jacob P. Hart has issued a Report and Recommendation. For the reasons set forth below, the Court adopts the findings of the Report and Recommendation, and Carrillo's Motion is denied.

### I. BACKGROUND

Carrillo was born on October 28, 1955. He was employed as a construction worker until 2002 when he stopped working due to back pain and hearing loss. He filed his first application for SSI disability benefits on March 29, 2002, claiming disability as a result of back pain and a hearing impairment. On July 24, 2002, the Commissioner denied Carrillo's application for SSI benefits, and Carrillo sought a hearing before an Administrative Law Judge ("ALJ"). A hearing was held before ALJ Margaret Lenzi on February 12, 2003. ALJ Lenzi denied Carrillo's claim

for benefits in a decision dated May 19, 2003. Carrillo filed an appeal with the Appeals Counsel, which denied review on June 8, 2004, making ALJ Lenzi's decision the final decision of the Commissioner. Carrillo then appealed to this Court, and the case was assigned to the Honorable Clifford S. Green. On January 14, 2005, Judge Green remanded Carrillo's case to the Appeals Council for further review. On March 17, 2005, the Appeals Council vacated ALJ Lenzi's May 19, 2003 decision and remanded the case for a new hearing.

Carrillo had a second hearing before ALJ Lenzi on March 24, 2006. In a decision dated April 27, 2006, ALJ Lenzi again denied Carrillo's claim for SSI benefits. Carrillo again appealed to the Appeals Council, which again denied review. ALJ Lenzi's April 27, 2006 decision thus stands as the final decision of the Commissioner. Carrillo subsequently filed his second appeal with this Court, and the case was assigned to the Honorable Jacob P. Hart. On October 29, 2007, Judge Hart issued a Report and Recommendation recommending that Carrillo's Request for Review be denied and judgment entered for the Commissioner. Carrillo filed Objections to the Report and Recommendation on October 30, 2007 ("Pl.'s Objections").

## II.   LEGAL STANDARD

The Court must determine whether the Commissioner's decision is supported by substantial evidence. Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986); Newhouse v. Heckler, 753 F.2d 283, 285 (3d Cir. 1985). Substantial evidence is defined as "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005). Substantial evidence represents "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003). The Court

may not weigh the evidence or substitute its own conclusions for that of the ALJ.  Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986).  Nonetheless, the Court must remain mindful that "leniency [should] be shown in establishing claimant's disability."  Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002); Reefer, 326 F.3d at 379.  However, if the ALJ's decision is supported by substantial evidence, this Court may not disturb that decision even if it would have decided differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

The Court may make a de novo determination of those portions of Judge Hart's Report and Recommendation to which objections were made.  28 U.S.C. § 636(b)(1)(C).  The Court may "accept, reject or modify, in whole or in part, the [magistrate judge's] findings or recommendations."  Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

## III.   DISCUSSION

To prove disability, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).[1]  A claimant is considered unable to engage in any substantial gainful activity "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §

---

[1] Regulation 20 C.F.R. § 404.1572 defines substantial gainful activity as follows: "Substantial gainful activity is work activity that is both substantial and gainful: (a) Substantial work activity is work activity that involves doing significant physical or mental activities.  Work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before; (b) Gainful work activity is work activity that you do for pay or profit.  Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized."

423(d)(2)(A); <u>Plummer v. Apfel</u>, 186 F.3d 422, 428 (3d Cir. 1999).  Each case is evaluated by a

five-step sequential evaluation process pursuant to 20 C.F.R. § 404.1520:

> 1.  If the claimant is doing substantial gainful activity, he is not disabled.  If the claimant is found not to be engaged in substantial gainful activity, proceed to Step 2.  20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2.  The claimant's impairment(s) must be "severe," meet the duration requirement in 20 C.F.R. §§ 404.1509, 416.909, and significantly limit his physical or mental ability to do basic work activities before a finding of disabled is directed.  If the claimant has a severe impairment(s), proceed to Step 3.  20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3.  If the claimant has a severe impairment(s) that has lasted or is expected to last for a continuous period of at least twelve months, and the severe impairment(s) is listed in Appendix 1 of Subpart P of Part 404 of 20 C.F.R. or is equal to a listed impairment(s), the claimant is presumed disabled without further inquiry.  20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4.  If the claimant retains a residual functional capacity to do his past relevant work, he is not disabled.  20 C.F.R. §§ 404.1520(e), 416.920(e).
>
> 5.  The inquiry at this step is whether the claimant can do other work that exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors.  20 C.F.R. §§ 404.1520(g), 416.920(g).

<u>Burley v. Barnhart</u>, No. 04-4568, 2005 U.S. Dist. LEXIS 19803, at *9 n.6 (E.D. Pa. Sept. 9,

2005).

Carrillo presents two major contentions in support of his Motion for Summary Judgment.

First, he asserts that the ALJ erred in finding that his hearing impairment did not meet Listing

2.08A.  Secondly, he argues that the ALJ erred in failing to recontact the non-examining state

physician, Dr. Hammond, whose opinion she relied upon in reaching her decision that Carrillo

4

was not disabled.  Listing 2.08 reads:

> *Hearing impairments* (hearing not restorable by a hearing aid) manifested by:

> A. Average hearing threshold sensitivity for air conduction of 90 decibels or greater and for bone conduction to corresponding maximal levels, in the better ear, determined by the simple average of hearing threshold levels at 500, 1000, and 2000 hz.; or

> B. Speech discrimination scores of 40 percent or less in the better ear.

Thus, in order to meet the Listing, a claimant must demonstrate both an average hearing threshold sensitivity of 90 decibels or greater, and the claimant's hearing must not be restorable with a hearing aid.  20 C.F.R., Pt. 404, Subpt. P, App. 1, 2.08A.  Carrillo's argument with regard to Listing 2.08.  Both show an average hearing threshold sensitivity greater than 90 decibels.  (R. at 301, 385.)  Based on these two tests, Carrillo argues that he has met the requirements of Listing 2.08 since December 10, 2002, and therefore, the ALJ should have found him per se disabled.  (Pl.'s Mot. at 9.)

There are several problems with Carrillo's argument.  First, Carrillo has failed to show that his hearing cannot be corrected with a hearing aid.  While his Motion for Summary Judgment is devoid of any discussion pertaining to hearing aid usage, he later asserts, in his Objections to the Report and Recommendation, that his hearing is not restorable by hearing aids.  (Pl.'s Objections at 3.)  The support he offers for this assertion is the following language, taken from a letter of his treating physician, Dr. Matthew Hammond, dated December 10, 2002:

> He is continuing to notice, however, a hearing loss on both sides but has begun using hearing aids which he is feeling works very well . . . .The audiometric evaluation, however, demonstrates that there is no significant improvement in his hearing on either side. He continues to have a severe mixed hearing loss.

(R. at 299.)

This letter shows that Carrillo himself believed that his hearing benefitted from hearing aids, and does not support the assertion that his hearing could not be corrected by hearing aid. Taken in context, the letter addresses Carrillo's hearing impairment following surgery on both ears. (R. at 299.) The letter specifically states that, in response to continued hearing loss, Carrillo began using hearing aids, which he felt were working well.    (R. at 299.) Furthermore, it is unclear whether the audiometric evaluation that Dr. Hanson refers to in his letter was performed with or without the hearing aids. Thus, the simple fact that Dr. Hanson found "no significant improvement" following Carrillo's surgery does not support a claim that Carrillo's hearing impairment could not be corrected with hearing aids.

Additionally, the ALJ's finding that Carrillo's hearing was correctable with the use of hearing aids is supported by the medical evidence in the record. In a letter dated February 20, 2003, Dr. Hanson himself stated that not only did he feel that Carrillo's hearing was restorable by hearing aids, but also that his hearing levels did not otherwise meet the requirements of Listing 2.08. Dr. Hanson states:

> His hearing levels are 60 decibels on the right and 50 decibels on the left, well below the required 90 decibels, and his ability to understand speech is 100% at appropriately amplified levels. Consequently, I do not feel he has a hearing loss not treatable with hearing aids and that actually he would do quite well with hearing aids, and as a matter of fact, has been doing quite well with them for the past couple of months.

6

(R. at 393.)

Thus, Carrillo's own treating physician openly stated that his condition, while serious, did not meet the Listing.[2]

These findings are in keeping with the findings of Dr. Hammond, the non-examining state physician, who also opined that Carrillo's hearing impairment did not meet Listing 2.08. Dr. Hammond based his opinion on the results of five audiogram reports, including the December 10, 2002 audiogram, but excluding the July 1, 2003 audiogram. (R. at 368.) Carrillo contends that the ALJ erred in failing to recontact Dr. Hammond to have him reconsider his opinion in light of the July 1, 2003 findings. Nonetheless, recontacting Dr. Hammond would not have affected the outcome of Carrillo's case. The results of the December 10, 2002 test were the functional equivalent of the July 1, 2003 test in that the speech discrimination score was 100% bilaterally in both tests. (R. at 301, 385.) Dr. Hammond found the December 10, 2002 test unreliable on the basis that the 100% speech discrimination score was inconsistent with the alleged pure tone loss. (R. at 368.) Because the July 1, 2003 audiogram revealed the same 100% speech discrimination score, Dr. Hammond would have likely found that test unreliable, as well.

Furthermore, even if the July 1, 2003 test was found credible, this would not change the fact that both Dr. Hammond and Carrillo's treating physician, Dr. Hanson, found that his hearing was treatable with hearing aids. (R. at 299, 368.) Thus, the Court agrees with the Report and Recommendation that the ALJ did not err in finding that Carrillo's hearing impairment did not meet the requirements of Listing 2.08 or in failing to recontact Dr. Hammond. The ALJ properly

_____

[2] 20 C.F.R. § 4041527(d)(1) states: "Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you."

considered the medical opinions of both the treating and non-treating physicians, as well as her own observations at the hearing in which she noted that Carrillo was able to hear and carry on conversation even without the aid of hearing aids. (R. at 337.) Based on the medical evidence, the testimony of an occupational expert, and her observation that Carrillo's testimony was only partially credible, the ALJ determined that Carrillo, while not able to return to his prior work, had the residual functional capacity to perform a range of light work that exists in significant numbers in the national economy. (R. at 342-48.) Because the ALJ's decision was supported by substantial evidence, Carrillo's Motion is denied.

An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESUS CARRILLO, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 07-2841 |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this   10th   day of December, 2007, upon consideration of Plaintiff's

Motion for Summary Judgment (Doc. No. 5), and after careful consideration of the Report and

Recommendation of the United States Magistrate Judge, it is hereby **ORDERED** that the Motion

for Summary Judgment filed by Jesus Carrillo is **DENIED**.

BY THE COURT:

ROBERT F. KELLY
SENIOR JUDGE